Maiya LAMA; Bimal Lama, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 04–75343, 05–71216.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Lead petitioner Maiya Lama and her husband, Bimal Lama, natives and citizens of Nepal, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal, and of the BIA's denial of their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the IJ's denial of petitioners' claims on the basis of an adverse credibility finding, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). In No. 04–75343 we dismiss in part and deny in part the petition for review. In No. 05–71216 we deny the petition for review.

■ We lack jurisdiction to review petitioners' contention that translation problems at the merits hearing violated their due process rights, because they did not exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 676 (9th Cir.2004).

■ We also lack jurisdiction to consider petitioners' contention that the untimely filing of their asylum application is excused, because they failed to raise the contention before the BIA. *See id.*

■ Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies between the petitioners' testimony regarding the details of their marriage and the number of arrests, which go to the heart of their claims. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, we deny the petition for review with respect to the withholding of removal claim.

■ The BIA acted within its discretion in construing petitioners' motion to reopen as a motion to reconsider insofar as the motion alleged an error of law. *See Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005). The BIA did not abuse its discretion by denying the portion of the motion construed as a motion to reconsider as untimely, because it was filed more than 30 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(6)(B). The BIA acted within its discretion in denying the remaining contentions in the motion to reopen because most of the documentation submitted was available at the time of the merits hearing, *see* 8 C.F.R. § 1003.2(c)(1), and the previously unavailable evidence submitted did not establish a prima facie claim for relief, *see INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam).

**No. 04–75343: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 05–71216: PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.